IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LLOYD WHITE, | § | |
|     *Plaintiff*, | § | SA-19-CV-00530-OLG |
| vs. | § | |
| STERLING FOODS, MRS. TERESA LNU, ADMINISTRATOR; JAVIER PATTON, DR. NICK LNU, HR DIRECTOR; JUANITA GARZA, IRMA GARZA, | § | |
|     *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action are Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs and proposed civil complaint, filed May 3, 2018 [#1] and Plaintiff's *pro se* Motion for Appointment of Counsel [#2]. The motions were automatically referred to the undersigned upon filing, and the undersigned has authority to enter this order pursuant to 28 U.S.C. § 636(b)(1)(A). By his motions, Plaintiff seeks leave to proceed in forma pauperis ("IFP") based on his inability to afford court fees and costs and requests the appointment of an attorney to represent him in this case. Having considered the motions and documentation provided by Plaintiff, the Court will grant the motion to proceed IFP, deny the motion to appoint counsel, and order Plaintiff to file a more definite statement.

### I. Motion to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for a writ of habeas corpus, must pay a filing fee of $350, as well as

1

an administrative fee.[1]  *See* 28 U.S.C. § 1914(a).  Plaintiff's motion to proceed IFP includes his income and asset information, which indicates that Plaintiff is employed and receives $395.00 every two weeks in income and $764.00 per month in Social Security payments.  Plaintiff claims one dependent, his wife, and lists monthly expenses that exceed his income.  Plaintiff also carries several overdue and unpaid debts.  The information demonstrates that Plaintiff does not have sufficient monthly resources available to pay the filing fee, and the Court will grant the motion to proceed IFP.

## II. Appointment of Counsel

Plaintiff brings his motion for appointment of counsel under 42 U.S.C. § 2000e–5(f)(1), which provides for appointment of counsel in Title VII suits "in such circumstances as the court may deem just."  In considering whether to appoint counsel in a Title VII case the court should consider "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel."  *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).  In doing so the court should keep in mind that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981).

Courts may also appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) in IFP proceedings.  Under § 1915(e)(1), the Court has discretion to appoint an attorney to represent a litigant in federal court, but there is no right to the automatic appointment of counsel in a civil case.  *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir.

---

[1] The administrative fee, which is currently $50, is waived for plaintiffs who are granted IFP status.  *See District Court Miscellaneous Fee Schedule,* available at http://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

1987). Appointment of counsel in a civil case is considered a privilege, not a constitutional right, and should be allowed only in exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982) (citation omitted); *see Cupit*, 835 F.2d at 86. In evaluating whether the appointment of counsel is proper under § 1915(e), the district court considers the type and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *See Castro Romero v. Becken*, 256 F.3d 349, 354 (5th Cir. 2001).

Plaintiff has not demonstrated that exceptional circumstances are present in his case or that, based on the record, appointment of counsel is appropriate under the applicable legal standards under 28 U.S.C. § 1915(e) or 42 U.S.C. § 2000e–5(f)(1). The record reflects that Plaintiff has a high school degree and has completed some college coursework in business and economics. Plaintiff's filings indicate that he is able to communicate the basis of his claims to the Court and Defendants sufficiently at this stage of the proceedings.

As to the merits of Plaintiff's case, Plaintiff's proposed complaint [#1-1] asserts claims of race and national-origin discrimination, harassment, and retaliatory discharge from employment arising under Title VII and the Rehabilitation Act against his former employer Defendant Sterling Foods. Plaintiff alleges that he was subjected to racial epithets in the workplace—"monkey" and "slave"—and that after he filed an incident report, he suffered various adverse employment actions and was ultimately terminated. Although Plaintiff does not attach a copy of his EEOC right to sue letter to his proposed Complaint, he states that the EEOC issued such letter on January 29, 2019.

Based on the facts in the record, the Court finds that Plaintiff cannot afford to hire independent counsel. However, Plaintiff's proposed Complaint indicates he has the ability to

articulate the basis of and present the facts of his claim. Accordingly, the Court will deny Plaintiff's request for counsel at this time, without prejudice to reconsidering the issue at a later date, if it appears likely the case may proceed to trial. However, the Court will order Plaintiff to file a more definite statement to address certain identified deficiencies in his Complaint, as detailed herein.

### III. More Definite Statement

Pursuant to 28 U.S.C. § 1915(e), the Court is empowered to screen any civil complaint filed by a party proceeding IFP to determine whether the claims presented are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[2] *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Complaint sues Sterling Foods and others under Title VII, 42 U.S.C. § 2000e, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 791, *et seq.* Plaintiff alleges that he filed charges against Defendants with the Equal Employment Opportunity Commission (EEOC) on August 21, 2008 and received a right to sue letter on January 29, 2019. Plaintiff does not attach a copy of the charge or this letter to his proposed Complaint.

Prior to filing a lawsuit asserting violations of Title VII, a claimant must file an EEOC charge. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). A private civil action under Title VII must be brought within ninety days of the claimant's receipt of an EEOC right-to-sue letter. 42 U.S.C. § 2000e-5(f); 29 U.S.C. § 626(e); *Price v. Digital Equipment Corp.*, 846 F.2d 1026, 1027 (5th Cir. 1988). Barring some equitable basis for tolling the limitations period, the failure to file

---

[2] Under 28 U.S.C. § 1915(e), a court may at any time dismiss a case if it determines that the case filed by the IFP plaintiff is frivolous, but is not required to screen non-prisoner cases for frivolousness at the outset. In contrast, when an IFP case is filed by a prisoner, the court is required to screen a complaint for frivolousness prior to docketing or as soon as possible. *See* 28 U.S.C. § 1915A(a).

suit within ninety days precludes the claimant from recovering for any alleged discrimination that was the subject of the EEOC charge. *Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988). This exhaustion scheme also governs Plaintiff's claims under the Rehabilitation Act. *See Prewitt v. United States Postal Svc.*, 662 F.2d 292, 304 (5th Cir. 1981).

Here, Plaintiff alleges that he received the EEOC's right-to-sue letter on January 29, 2019, but did not file this lawsuit until May 14, 2019, more than 90 days after the statutory deadline. If Plaintiff indeed received his EEOC right-to-sue letter on January 29, 2019, as he alleges, some or all of his claims may be time-barred. *See Way*, 840 F.2d at 306.

Accordingly, the Court will order Plaintiff to file a more definite statement to determine if Plaintiff's lawsuit was timely filed before ordering service of his Complaint on Defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's *pro se* Application to Proceed in District Court without Prepaying Fees or Costs [#1] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's *pro se* Motion for Appointment of Counsel [#2] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint shall be filed by the Clerk without prepayment of fees, costs or the giving of security therefore, and the Clerk shall, until further Order of this Court, waive the collection of any other fees or costs from Plaintiff. <u>Service upon Defendants should be withheld pending this Court's review under § 1915(e)</u>.

**IT IS FURTHER ORDERED** that **within 21 days of this Order**, Plaintiff shall file a **More Definite Statement** of the claims he seeks to present to this Court. In this More Definite Statement, Plaintiff should respond to the following instructions and questions:

(1) Please attach any charge you filed with the EEOC or the TWC.

(2) When did you submit this charge?

(3) Please attach the right-to-sue letter you allegedly received from the EEOC?

(4) When did you receive this letter?

Plaintiff shall include the following declaration at the end of his more definite statement:

> I declare, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.
>
> Executed on this day of 2019.
>
> _____
> Signature of Plaintiff

If Plaintiff fails to comply with this Order, the Court could dismiss this case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). If Plaintiff does not wish to file a more definite statement, he may request voluntary dismissal of these claims pursuant to Federal Rule of Civil Procedure 41(a).

SIGNED this 5th day of June, 2019.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE