IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LLOYD WHITE, | § § § | |
| *Plaintiff,* | § § | SA-19-CV-00530-ESC |
| vs. | § § | |
| STERLING FOODS, | § § § | |
| *Defendant.* | § § | |

## **ORDER**

     Before the Court in the above-styled cause of action are the following motions: Plaintiff's Motions for Formal Discovery [#46, #47, #48, #49], Defendant's Motion for Entry of Confidentiality and Protective Order [#50], and Defendant's Motion to Compel Initial Disclosures [#51]. Plaintiffs' four motions appear to be discovery requests to Defendant that were erroneously docketed as motions. The Court will instruct the Clerk to terminate these motions. As the Court explained to Plaintiff at the initial pretrial conference, discovery requests should be served on Defendant but not filed with the Court. If Plaintiff has already served discovery on Defendant and has an issue with Defendant's responses or objections, Plaintiff is required to first confer with Defendant on the disagreement before seeking court intervention. *See* W.D. Tex. Loc. R. 7(i). If issues remain after the conference, Plaintiff may file a motion with the Court specifically indicating what he is requesting that Defendant is refusing to provide and why it is relevant to this lawsuit, and if necessary, the Court will set the motion for a discovery hearing. The parties are advised that given the ongoing COVID-19 crisis, any hearing is likely to be set as a telephonic hearing.

Defendant's Motion for Entry of Confidentiality and Protective Order [#50] asks the Court to enter the standard protective order for the Western District of Texas. This protective order is to facilitate the ability of Defendant to produce confidential and sensitive information to Plaintiff without risking disclosure to the general public. The Court will grant the motion.

Defendant's Motion to Compel Initial Disclosures [#51] will also be granted. This motion asks the Court to order Plaintiff to make his initial disclosures to Defendant as required by Rule 26(a) of the Federal Rules of Civil Procedure. The Court directed Plaintiff to serve his initial disclosures on Defendant at the initial pretrial conference. Rule 26(a) requires every party to disclose certain information within 14 days after the parties' Rule 26(f) conference. Defendant's motion indicates that it has still not received Plaintiff's disclosures. Accordingly, the Court will order Plaintiff to provide the specific information required by Rule 26(a) to Defendant within 14 days of this Order.

**IT IS THEREFORE ORDERED** that the District Clerk **TERMINATE** Plaintiff's Motions for Formal Discovery [#46, #47, #48, #49], as these filings are not motions requesting relief from the court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Entry of Confidentiality and Protective Order [#50] is **GRANTED**. The Court will enter the requested Confidentiality and Protective Order by separate docket entry.

**IT IS FINALLY ORDERED** that Defendant's Motion to Compel Initial Disclosures [#51] is **GRANTED**. Plaintiff is ordered to disclose the following to Defendant on or before **April 10, 2020**:

i. the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that Plaintiff may use to support his claims or defenses, unless the use would be solely for impeachment;

ii. a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that Plaintiff has in his possession, custody, or control and may use to support his claims or defenses, unless the use would be solely for impeachment; and

iii. a computation of each category of damages claimed by Plaintiff—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**IT IS SO ORDERED.**

SIGNED this 27th day of March, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE