IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LLOYD WHITE, | § § | |
| *Plaintiff,* | § § § | SA-19-CV-00530-ESC |
| vs. | § § | |
| STERLING FOODS, MRS. TERESA LNU, ADMINISTRATOR; JAVIER PATTON, DR. NICK LNU, HR DIRECTOR; JUANITA GARZA, IRMA GARZA, | § § § § § § § | |
| *Defendants.* | § § | |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion to Withdraw Consent to Magistrate Judge [#86]. Plaintiff, while proceeding *pro se*, consented to the jurisdiction of a United States Magistrate Judge. Now that Plaintiff has been appointed an attorney, he asks the Court to permit him to withdraw the consent. For the reasons that follow, the Court will deny the motion.

The Federal Magistrate Act of 1979 provides that:

> Upon the consent of the parties, a full-time United States magistrate . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court or courts he serves.

28 U.S.C. § 636(c)(1). The statute also provides that the court shall take positive steps to ensure that the parties understand their right to consent, and to protect the voluntariness of that consent. *Id.* at § 636(c)(2).

There is no absolute right to withdraw a validly given consent to trial before a magistrate. *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1021 (5th Cir. 1987). Motions to withdraw

1

consent may be granted only for good cause, the determination of which is committed to the court's sound discretion.  *Id.*  If a party can show that his consent was obtained involuntarily or through undue influence, however, Section 636(b) requires the authorization of withdrawal.  *Id.*

The record in this case reflects that Plaintiff signed a consent to a magistrate judge's authority on November 25, 2019 [#22].  Plaintiff's motion does not argue that this consent was not obtained voluntarily or through undue influence.  The motion simply requests that Plaintiff be permitted to withdraw an otherwise valid consent.

In exercising the Court's discretion to grant a withdrawal of consent, in addition to issues of voluntariness, the Court may consider a variety of factors, such as undue delay, inconvenience to the court and witnesses, prejudice to the parties, whether the movant is acting *pro se*, whether the motion is made in good faith, and whether the interests of justice would be served by holding a party to his consent.  *See id.* (collecting cases).  Again, Plaintiff has not presented the Court with any "legitimate reason to permit withdrawal of [his] consent."  *Id.*  And the Court has significant concerns with permitting Plaintiff to withdraw his consent at this juncture in this case, immediately following recent adverse rulings with respect to various discovery motions Plaintiff filed prior to the appointment of counsel.  Plaintiff, through his new counsel, has filed a motion for reconsideration with respect to these rulings, and the motion is set for a hearing on August 13, 2020.  Permitting withdrawal by a party who is disappointed by certain rulings would allow a party "to express conditional consent to a reference, thereby obtaining what amounts to a free shot at a favorable outcome or a veto of an unfavorable outcome."  *Id.* at 1020–21 ("Any such rule would allow the party to hold the power of consent over the magistrate like a sword of Damocles, ready to strike the reference should the magistrate issue a ruling not quite to the party's liking.").  In light of Plaintiff's failure to articulate the basis for the motion to consent and

the Court's concerns over the timing of the request to withdraw consent, the Court will deny the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Withdraw Consent to Magistrate Judge [#86] is **DENIED**.

SIGNED this 31st day of July, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE